IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MARVELL SEMIEN,<br><br>    Petitioner,<br><br>    v.<br><br>PAT HORN,<br><br>    Respondent. | No. 2:25-cv-01764-TLN-DMC<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the Court is Respondent's motion to dismiss. See ECF No. 11.

**I. BACKGROUND**

This action proceeds on Petitioner's original petition. See ECF No. 1. Petitioner claims a violation of the Ex Post Facto Clause, challenging his sentence and conviction in Yolo County Superior Court case No. 06991. See id. at 1-4. Petitioner indicates that he filed habeas petitions in the Yolo County Superior Court, the first of which was denied in May 2015, the second of which is pending an evidentiary hearing. See id. at 2-3. Petitioner states that he filed another habeas petition in the United States District Court, which was denied in July 2010. See id.
///

1          Based on federal court records, which this Court may judicially notice, see Fed. R.
2   Evid. 201, U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008), Chandler v. U.S., 378
3   F.2d 906, 909 (9th Cir. 1967), Respondent outlines the following procedural history of
4   Petitioner's additional filings:

> Prior to this petition, Petitioner filed a petition in this Court challenging the same conviction and sentence. *See Semien v. Jacquez*, case number 2:09-cv-01912-GEB-CHS, filed on July 6, 2009, and denied on the merits on January 4, 2012. (Lod. Docs. 49-52.) This Court declined to issue a certificate of appealability. (Lod. Doc. 50 at ECF 47.) On March 19, 2013, the Ninth Circuit denied a certificate of appealability. (Lod. Doc. 50 at ECF 55.)
>
> ECF No. 11, pg. 6

## II. DISCUSSION

Respondent lodged portions of the state and federal court record in support of the motion to dismiss. See ECF No. 12. Petitioner filed a general opposition, though states that he did not receive the motion to dismiss and therefore cannot oppose the actual arguments within the motion to dismiss. See ECF No. 16. Respondent filed a reply. See ECF No. 17. For the reasons discussed below, the Court agrees with Respondent that this action must be dismissed as untimely and as a second or successive petition without leave of the Ninth Circuit Court of Appeals.

### A.     Service of the Motion to Dismiss

Petitioner initially stated he did not receive the motion to dismiss. See ECF No. 14.  Respondent re-served the motion to dismiss, ECF No. 15, but in Petitioner's most recent filing, ECF No. 16, he states he still had not received the motion to dismiss. Local Rule 135 requires that individuals not registered for electronic filing, such as a prisoner or pro se litigant, be "conventionally served" in accordance with the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 5 (b)(2)(C) permits service by "mailing it to the person's last known address—in which event service is complete upon mailing." Here, Respondent's motion to dismiss included proof of service that stated a copy of the motion to dismiss was mailed to Petitioner's address on August 26, 2025. See ECF No. 11, pg. 10. This is the same address listed on Petitioner's filings and this Court's docket. Service of the

motion to dismiss was complete upon such mailing on August 26, 2025. See L. R. 135; Fed. Rule Civ. Pro. 5 (b)(2)(C). Further, Respondent re-served the motion to dismiss on September 23, 2025. See ECF No. 15. Thus, the undersigned finds that service is complete.

### B. Successive Petition

Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed. . . ." unless one of two circumstances exist. Either the newly raised claim must rely on a new rule of constitutional law, or the factual predicate of the new claim could not have been discovered earlier through the exercise of due diligence and the new claim, if proven, establishes actual innocence. See id. Before a second or successive petition can be filed in the district court, however, the petitioner must first obtain leave of the Court of Appeals. See 28 U.S.C. § 2244(b)(3). In the absence of proper authorization from the Court of Appeals, the district court lacks jurisdiction to consider a second or successive petition and must dismiss it. See Cooper v. Calderon, 274 F.3d 1270 (9th Cir. 2001) (per curiam).

A second petition can only be successive of a prior petition which has been decided on the merits. See Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008). A decision on the merits occurs if the district court either considers and rejects the claims or determines that the claims will not be considered by a federal court. See Howard v. Lewis, 905 F.2d 1318, 1322-23 (9th Cir. 1990). The mere fact that a petitioner has previously filed a habeas petition relating to the same conviction does not necessarily render a subsequent petition "second or successive." Hill v. Alaska, 297 F.3d 895, 898 (9th Cir. 2002). A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits in an earlier petition. See McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009); see also Cooper, 274 F.3d at 1273.

///

///

Respondent argues:

> Because Petitioner filed a prior federal habeas challenge to his conviction, his current challenge to the same conviction is successive. 28 U.S.C. § 2244(b)(2); see *Vasquez v. Parrott*, 318 F.3d 387, 390 (2d Cir. 2003) ("to be considered 'successive,' a prisoner's second petition must, in a broad sense, represent a second attack by federal habeas petition on the same conviction."). Petitioner now raises a different claim in his current petition than those he raised in his prior federal petition. The second or successive bar expressly applies to federal petitions that raise claims not presented in a prior federal petition. 28 U.S.C. § 2244(b)(2). A petition that is second or successive may not be filed in the district court unless the petitioner first obtains from the United States Court of Appeals an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010). As Petitioner has not obtained from the Ninth Circuit an order under 28 U.S.C. § 2244(b)(3)(A), authorizing him to file a successive petition in this Court, the petition should be dismissed.

ECF No. 11, pg. 6.

Respondent's argument is persuasive. This Court previously adjudicated the merits of claims related to Petitioner's 2006 conviction in Semien v. Jacquez. Petitioner's current constitutional claim could have been raised and adjudicated in the context of that prior case. Because Petitioner has not obtained leave from the Ninth Circuit Court of Appeals to file the instant second or successive petition, it must be dismissed.

### B.      **Statute of Limitations**

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1).

Where no direct appeal is filed in the California Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day. See Cal. Rule of Court 8.308(a).  The limitations

4

1 | period is tolled, however, for the time a properly filed application for post-conviction relief is
2 | pending in the state court. See 28 U.S.C. § 2244(d)(2).  There is no tolling for the interval of
3 | time between post-conviction applications where the petitioner is not moving to the next higher
4 | appellate level of review.  See Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).  There is also no
5 | tolling for the period between different sets of post-conviction applications.  See Biggs v.
6 | Duncan, 339 F.3d 1045 (9th Cir. 2003).  Finally, the period between the conclusion of direct
7 | review and the filing of a state post-conviction application does not toll the limitations period.
8 | See Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999).

In this case, Petitioner was convicted and sentenced in 2006 to an indeterminate state prison term of eighty-seven years to life. See ECF No. 12-1. On April 30, 2008, the California Court of Appeal affirmed the judgment. See ECF No. 12-2. Petitioner sought review by the California Supreme Court, which was denied on July 23, 2008. See ECF No. 12-3, 12-4. The state court judgment became final ninety days later, on October 21, 2008, when the period to file a petition for writ of certiorari with the United States Supreme Court expired. The one-year limitations period commenced the next day, on October 22, 2008.

The limitations period was tolled through the pendency of three state collateral actions brought by Petitioner, ending on August 26, 2009, when the third state petition was denied. See ECF No. 12-5 – 12-10. Therefore, the tolled limitations period began to run on August 26, 2009. The limitations period ended one year later, on August 26, 2010. The instant federal petition, which was filed in 2025, is untimely because it was filed after August 26, 2010.

///
///
///
///
///
///
///
///

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that Respondent's motion to dismiss, ECF No. 11, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 31, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE